FILED

2026 Apr-09  PM 04:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## <u>NORTHEASTERN DIVISION</u>

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 5:25-cr-644-LCB-HNJ** |
| | ) | |
| **JOSHUA MARK SCHEIBLER** | ) | |

## <u>GOVERNMENT'S MOTION FOR A COMPETENCY EXAMINATION</u>

There exists a bona fide doubt about Joshua Mark Scheibler's ability to understand the nature and consequences of the proceedings against him and to assist properly in his defense. *See* 18 U.S.C. § 4241(a). Accordingly, the government requests that this court conduct a pre-trial hearing to determine the defendant's competency. And in anticipation of that hearing, the government moves the Court to order an evaluation and opinion of current competency to stand trial. This motion was due to the Court on or before April 6, 2026, and the government asks for the Court to consider this motion out of time due to the fact the government continues to receive information about Scheibler's competency as set out below and that Scheibler will not be prejudiced by this motion. In fact, the results of this examination may benefit Scheibler.

## <u>REASONABLE GROUNDS</u>

In October of 2016, Scheibler contacted an outside government agency who reported to law enforcement that Scheibler stated that he has been targeted for remote brain interference from the government.

1

On April 24, 2018, in Nashville, Tennessee, law enforcement interviewed Scheibler during which he made several threatening statements. Additionally, Scheibler told law enforcement he caused a two-billion-dollar loss to the United States economy as part of his retribution. He also stated he caused the Chinese Government to ban Google and Gmail by releasing to them the document outlining the United States' experimentation program used against him. However, law enforcement had a bona fide doubt of Scheibler's competency, so they called a mobile crisis counselor from Middle Tennessee Mental Health Institute who responded to the scene. Based on the mobile crisis counselor's assessment, Scheibler was involuntarily committed to the Middle Tennessee Mental Health Institute.

In late 2024, law enforcement called Scheibler because of threatening and harassing phone calls to the U.S. Department of Defense. This conversation lasted 20 minutes and law enforcement found Scheibler's "rantings" to be incomprehensible, indiscernible, and believed Scheibler must suffer from some form of mental illness.

Several law enforcement agents who have encountered Scheibler have questioned his mental capabilities due to his severe paranoia of the United States Government and his rambling incoherent thought processing.

The threatening communication alleged in the indictment of this case occurred on March 16, 2025.

The government continues to gather information concerning Scheibler's competency including but not limited to obtaining the mental health records from Middle Tennessee Mental Health Institute.

## LEGAL STANDARD

The test for competency is "whether [Scheibler] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960).  The government or defendant may file a motion for a judicial determination of the defendant's mental competency "at any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant…".  18 U.S.C. § 4241(a).   In turn, the Court "shall grant the motion, or shall order such a hearing on its own motion, if there is *reasonable cause* to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id. (emphasis added).* The "reasonable cause" standard is satisfied when there is a "bona fide doubt" about Defendant's competence. *United States v. Wingo*, 789 F.3d 1226, 1236 (11th Cir. 2015).

Three factors to be considered in determining whether a "bona fide doubt regarding the defendant's competence": "(1) evidence of the defendant's irrational behavior; (2) the defendant's demeanor at trial; and (3) prior medical opinion regarding

3

the defendant's competence to stand trial." *Tiller,* 911 F.2d at 576. And we have found that the "bona fide doubt" standard satisfies Section 4241(a)'s "reasonable cause" requirement. *Id.* In explaining the "bona fide doubt" inquiry, the Supreme Court has emphasized that a court must consider the aggregate of evidence pertaining to all three prongs and not evaluate each prong in a vacuum. *Drope,* 420 U.S. at 180, 95 S.Ct. at 908. Nevertheless, because "[t]here are, of course, no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed," evidence under a single prong of the test—even standing alone— "may, in some circumstances, be sufficient" to establish a bona fide doubt about a defendant's competence. *Id.*

Before any competency hearing, the Court may "may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." 18 U.S.C. § 4241(b). Given the fact of Scheibler's prior involuntary committal and ten-year history of symptoms, the government respectfully request that the Court order the examination be conducted by the United States Bureau of Prisons (BOP) due to the professional, extensive, and thorough examination routinely performed by BOP.

4

# CONCLUSION

For these reasons, the government respectfully moves the Court for a competency hearing under 18 U.S.C. § 4241(a), and to facilitate that hearing, the government requests that the Court order an evaluation to be conducted by the United States Bureau of Prisons pursuant to 18 U.S.C. §§ 4242 & 4247.

Respectfully submitted,

CATHERINE L. CROSBY
Acting United States Attorney

*/s/ Electronic Signature*
Jonathan Cross
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing with the Clerk of the Court under seal and have provided a copy of the same to the Court and to defense counsel via electronic mail.

*/s/ Electronic Signature*
Jonathan Cross
Assistant United States Attorney